UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAMUEL JENKINS,

                          Plaintiff,

         -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICER ALFREDO VALENTIN, in his professional and individual capacities, OFFICER OWEN HOPPER, in his professional and individual capacities, OFFICER THOMAS CASEY, in his professional and individual capacities, OFFICER DAVID BONACARTI, in his professional and individual capacities, FOUR OTHER UNNAMED OFFICERS, in their professional and individual capacities,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, VALENTIN, CASEY, AND BONACARTI**

10 Civ. 8637 (SAS)

JURY TRIAL DEMANDED

        Defendants City of New York ("City"), Police Officer Alfredo Valentin, Police Officer David Bonacarti, and Sergeant Thomas Casey, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.[1]

        1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein

        2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of the Court as stated therein.

---

[1] According to a review of the Civil Docket Sheet, defendant Officer Owen Hopper has not been served with process and is therefore not a party to this action.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that Police Officer Alfredo Valentin, Police Officer Owen Hopper, Police Officer Thomas Casey, and Police Officer David Bonacarti are employed by the City of New York as police officers.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Police Officer Alfredo Valentin, Police Officer Owen Hopper, Police Officer Thomas Casey, and Police Officer David Bonacarti are employed by the City of New York as police officers

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.[2]

8. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

9. The allegations set forth in paragraph "12" of the complaint set forth conclusions of law rather than averments of fact, and accordingly, no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

---

[2] The complaint does not contain paragraphs 7-9.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

14. Deny the allegations set forth in paragraph "17" of the complaint.

15. Deny the allegations set forth in paragraph "18" of the complaint.

16. Deny the allegations set forth in paragraph "19" of the complaint.

17. Deny the allegations set forth in paragraph "20" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

19. Deny the allegations set forth in paragraph "22" of the complaint.

20. Deny the allegations set forth in paragraph "23" of the complaint.

21. Deny the allegations set forth in paragraph "24" of the complaint.

22. Deny the allegations set forth in paragraph "25" of the complaint.

23. Deny the allegations set forth in paragraph "26" of the complaint.

24. Deny the allegations set forth in paragraph "27" of the complaint.

25. Deny the allegations set forth in paragraph "28" of the complaint.

26. Deny the allegations set forth in paragraph "29" of the complaint.

27. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff was arrested on August 9, 2008.

28. Deny the allegations set forth in paragraph "31" of the complaint.

29. Deny the allegations set forth in paragraph "32" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint, except admit that plaintiff was arrested on August 9, 2008 and transported to the 47th Precinct.

33. Admit the allegations set forth in paragraph "36" of the complaint.

34. Deny the allegations set forth in paragraph "37" of the complaint.

35. Deny the allegations set forth in paragraph "38" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

38. Deny the allegations set forth in paragraph "41" of the complaint.

39. Deny the allegations set forth in paragraph "42" of the complaint.

40. Deny the allegations set forth in paragraph "43" of the complaint.

41. Deny the allegations set forth in paragraph "44" of the complaint.

42. Deny the allegations set forth in paragraph "45" of the complaint.

43. Deny the allegations set forth in paragraph "46" of the complaint.

44. Deny the allegations set forth in paragraph "47" of the complaint.

45. Deny the allegations set forth in paragraph "48" of the complaint.

46. Deny the allegations set forth in paragraph "49" of the complaint.

47. Deny the allegations set forth in paragraph "50" of the complaint.

48. Deny the allegations set forth in paragraph "51" of the complaint.

49. Deny the allegations set forth in paragraph "52" of the complaint.

50. Deny the allegations set forth in paragraph "53" of the complaint.

51. Deny the allegations set forth in paragraph "54" of the complaint.

52. Deny the allegations set forth in paragraph "55" of the complaint.

53. Deny the allegations set forth in paragraph "56" of the complaint.

54. Deny the allegations set forth in paragraph "57" of the complaint.

55. Deny the allegations set forth in paragraph "58" of the complaint, except admit that plaintiff had his photograph and fingerprints taken.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

57. Deny the allegations set forth in paragraph "60" of the complaint, except admit, upon information and belief, that plaintiff was transported to Bronx Central Booking on July 9, 2008.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

60. Deny the allegations set forth in paragraph "63" of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

63. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62" inclusive of their answer as if fully set forth herein.

64. The allegations set forth in paragraph "67" of the complaint set forth conclusions of law rather than averments of fact, and accordingly, no response is required.

65. Deny the allegations set forth in paragraph "68" of the complaint; however, defendant states that the allegations concerning color of law set forth conclusions of law rather than averments of fact, and accordingly, no response is required.

66. Deny the allegations set forth in paragraph "69" of the complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

68. Deny the allegations set forth in paragraph "71" of the complaint.

69. In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "68" inclusive of their answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "73" of the complaint.

71. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70" inclusive of their answer as if fully set forth herein.

72. Deny the allegations set forth in paragraph "75" of the complaint.

73. In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "72" inclusive of their answer as if fully set forth herein.

74. Deny the allegations set forth in paragraph "77" of the complaint.

75. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "74" inclusive of their answer as if fully set forth herein.

76. Deny the allegations set forth in paragraph "79" of the complaint.

77. Deny the allegations set forth in paragraph "80" of the complaint, and each subpart thereof.

78. Deny the allegations set forth in paragraph "81" of the complaint.

79. Deny the allegations set forth in paragraph "82" of the complaint.

80. Deny the allegations set forth in paragraph "83" of the complaint.

81. In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "80" inclusive of their answer as if fully set forth herein.

82. Deny the allegations set forth in paragraph "85" of the complaint, and each subpart thereof.

83. Deny the allegations set forth in paragraph "86" of the complaint that the charges were not based upon probable cause, and state that the remainder of allegations set forth in paragraph "86" of the complaint and each subpart thereof constitute legal conclusions rather than averments of fact, and as such, no response is required.

84. In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "83" inclusive of their answer as if fully set forth herein.

85. Deny the allegations set forth in paragraph "88" of the complaint.

86. Deny the allegations set forth in paragraph "89" of the complaint.

87. Deny the allegations set forth in paragraph "90" of the complaint.

88. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "87" inclusive of their answer as if fully set forth herein.

89. The allegations set forth in paragraph "92" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

90. Deny the allegations set forth in paragraph "93" of the complaint.

91. Deny the allegations set forth in paragraph "94" of the complaint.

92. Deny the allegations set forth in paragraph "95" of the complaint.

93. Deny the allegations set forth in paragraph "96" of the complaint.

94. In response to the allegations set forth in paragraph "97" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "93" inclusive of their answer as if fully set forth herein.

95. The allegations set forth in paragraph "98" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

96. Deny the allegations set forth in paragraph "99" of the complaint.

97. Deny the allegations set forth in paragraph "100" of the complaint.

98. In response to the allegations set forth in paragraph "101" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "97" inclusive of their answer as if fully set forth herein.

99. Deny the allegations set forth in paragraph "102" of the complaint.

100. Deny the allegations set forth in paragraph "103" of the complaint.

101. Deny the allegations set forth in paragraph "104" of the complaint.

102. Deny the allegations set forth in paragraph "105" of the complaint.

103. Deny the allegations set forth in paragraph "106" of the complaint.

104. Deny the allegations set forth in paragraph "107" of the complaint.

105. In response to the allegations set forth in paragraph "108" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "104" inclusive of their answer as if fully set forth herein.

106. The allegations set forth in paragraph "106" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

107. Deny the allegations set forth in paragraph "110" of the complaint.

108. Deny the allegations set forth in paragraph "111" of the complaint.

109. Deny the allegations set forth in paragraph "112" of the complaint.

110. Deny the allegations set forth in paragraph "113" of the complaint.

111. In response to the allegations set forth in paragraph "114" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "110" inclusive of their answer as if fully set forth herein.

112. Deny the allegations set forth in paragraph "115" of the complaint.

113. The allegations set forth in paragraph "116" of the complaint constitute legal conclusions rather than averments of fact, and as such, no response is required.

114. Deny the allegations set forth in paragraph "117" of the complaint.

115. Deny the allegations set forth in paragraph "118" of the complaint.

116. Deny the allegations set forth in paragraph "119" of the complaint.

117. Deny the allegations set forth in paragraph "120" of the complaint.

118. Deny the allegations set forth in paragraph "121" of the complaint.

119. Deny the allegations set forth in paragraph "145" of the complaint.[3]

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

120. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

121. Defendants City, Valentin, Bonacarti, and Casey have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

122. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

---

[3] The complaint does not contain paragraphs numbered 122-144.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

123. At all times relevant to the acts alleged in the complaint, defendants Casey, Bonacarti, and Valentin acted reasonably in the proper and lawful exercise of her discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

124. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

125. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

126. Plaintiff provoked any incident.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

127. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

128. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

129. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

130. Plaintiff may have failed to fulfill the conditions precedent to suit.

## **AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

131.   Plaintiff has failed to establish that venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b).

**WHEREFORE,** defendants City, Valentin, Casey, and Bonacarti request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          April 29, 2011

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                         City of New York
                                      *Attorney for Defendants City of New York, Alfredo Valentin, Thomas Casey, and David Bonacarti*
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 788-1103

                              By:        /s/
                                      Suzanna Publicker (SP 1005)
                                      Assistant Corporation Counsel
                                      Special Federal Litigation Division

To:    Carlos Gonzalez, Esq. (By ECF)
       Gonzalez, Martindale & Gross P.C.
       5030 Broadway, Suite 815
       New York, NY 10034

Index No.  10 Civ. 8637 (SAS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| SAMUEL JENKINS,<br><br>          Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, OFFICER ALFREDO VALENTIN, in his professional and individual capacities, OFFICER OWEN HOPPER, in his professional and individual capacities, OFFICER THOMAS CASEY, in his professional and individual capacities, OFFICER DAVID BONACARTI, in his professional and individual capacities, FOUR OTHER UNNAMED OFFICERS, in their professional and individual capacities,<br><br>          Defendants. |
| **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, VALENTIN, CASEY, AND BONACARTI** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>  *Attorney for Defendants City of New York, Alfredo Valentin, Thomas Casey, and David Bonacarti*<br>  *100 Church Street*<br>  *New York, New York  10007*<br><br>  *Of Counsel: Suzanna Publicker*<br>  *Tel:  (212) 788-1103* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.............................................. , 2011*<br><br>*.......................................................................... Esq.*<br><br>*Attorney for................................................................* |